# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Tammy Manderville

**(b)** County of Residence of First Listed Plaintiff: Mercer
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Daniel S. Orlow, Esq., Console Mattiacci Law,
110 Marter Ave, Suite 502, Moorestown, NJ 08057

## DEFENDANTS
All American Auto Group, Inc., Weisleder, Inc. (d/b/a All American Ford and All American Mazda) and Walid Elkhouly

County of Residence of First Listed Defendant: Bergen
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- [x] 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty

**Other:**
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §2000(e), et seq.

Brief description of cause:
Plaintiff was discriminated against because of her sex.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $: in excess of $75,000
- CHECK YES only if demanded in complaint: JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: _____  DOCKET NUMBER: _____

DATE: 12/21/2020
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **TAMMEY MANDERVILLE**<br>**Hamilton, NJ**<br><br>         Plaintiff<br>   v.<br><br>**ALL AMERICAN AUTO GROUP, INC.;**<br><br>**WEISLEDER, INC. (d/b/a ALL AMERICAN FORD and ALL AMERICAN MAZDA)**<br><br>**WALID ELKHOULY, as aider and abettor**<br><br>         Defendants | **Civil Action No.**<br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

### I.   INTRODUCTION

Plaintiff, Tammey Manderville, brings this action against Defendants All American Auto Group, Inc; Weisleder, Inc.; and Walid Elkhouly (as aider and abettor), for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* ("Title VII"), and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq.* ("LAD").

Plaintiff was hired by Defendants on or about February 11, 2020 into the position of Business Development Director/Sales Manager.  Approximately one week after being hired Defendant Elkhouly (Plaintiff's direct supervisor) took Plaintiff to a motel room close to her worksite and subjected her to multiple unwelcome and unwanted sexual advances.  Plaintiff rejected Elkhouly's sexual advances.  Thereafter Plaintiff was excluded from certain meetings and had sales leads that were previously assigned to her taken away.  On March 3, 2020, Elkhouly told

Plaintiff that it "wasn't going to work out" and terminated her employment.

Plaintiff was subjected to a hostile work environment and terminated for rejecting the unwanted sexual advances of her direct supervisor. Plaintiff seeks damages, including back-pay, front-pay, compensatory, punitive, attorneys' fees and costs, and all other relief that this Court deems appropriate.

**II.     PARTIES**

1. Plaintiff Tammey Manderville is an individual and citizen of the State of New Jersey, residing therein in Hamilton, NJ.

2. Defendant All American Auto Group, Inc. is a New Jersey corporation with a principal place of business located at 520 River Street, Hackensack, NJ 07601.

3. Defendant All American Auto Group, Inc. is an umbrella organization that owns and operates several subsidiary corporations, including Defendant Weisleder, Inc.

4. Defendant Weisleder, Inc. (d/b/a "All American Mazda" and "All American Ford") is a New Jersey corporation with a principal place of business located at 575 Burnt Tavern Road, Brick, NJ 08724.

5. Defendant Weisleder, Inc. was Plaintiff's W2 employer of record.

6. Defendant Walid Elkhouly is an individual and citizen of the State of New Jersey. At all times materials hereto Elkhouly was an employee of the corporate Defendants.

7. Defendant Elkhouly aided, abetted, incited, committed, compelled and/or coerced the sexual harassment and sex discriminatory conduct set forth herein, obstructed and/or prevented Defendants from complying with Title VII and the LAD and attempted to, and did in fact, commit acts in violation of Title VII and the LAD.

8. At all times material hereto, Plaintiff was an employee of Defendants within the meaning of the statutes that form the basis of this matter.

9. At all times material hereto, Defendants were employers of Plaintiff within the meaning of the statutes that form the basis of this matter.

10. At all times material hereto, Defendants employed more than fifteen (15) people.

11. At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

### III. JURISDICTION AND VENUE

12. The causes of action set forth in this Complaint arise under Title VII and the LAD.

13. The District Court has subject matter jurisdiction over Count I (Title VII) pursuant to 28 U.S.C. § 1331.

14. The District Court has supplemental jurisdiction over Count II (LAD) pursuant to 28 U.S.C. § 1367.

15. Venue is proper under 28 U.S.C. § 1391(b).

16. On May 4, 2020, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), complaining of the various acts of discrimination alleged herein. Attached hereto, incorporated herein, and marked as Exhibit "A" is a true and correct copy of the May 4, 2020 Charge of Discrimination filed with the EEOC (with minor redactions for purposes of electronic filing of confidential/identifying information).

17. On September 27, 2020 the EEEOC issued Plaintiff a Notice of Dismissal and Right to Sue, informing her that she had the right to bring suit in either Federal or State Court within ninety (90) days of her receipt of the Right to Sue Notice. Attached hereto, incorporated herein,

and marked as Exhibit "B" is a true and correct copy of the September 27, 2020 Notice of Right to Sue from the EEOC.

18. Plaintiff has complied with all administrative pre-requisites for the commencement of this action.

## IV. FACTUAL ALLEGATIONS

19. Plaintiff was hired by Defendants on or about February 11, 2020 into the position of Business Development Director/Sales Manager.

20. Plaintiff reported to Defendant Walid Elkhouly (male), General Sales Manager.

21. Elkhouly made the decision to hire Plaintiff.

22. Elkhouly reported to Richard Savino (male), Owner.

23. Plaintiff's primary worksite was Defendants' Mazda Dealership located at 575 Burnt Tavern Road, Brick, NJ 08724 (the "Mazda Dealership").

24. At times, Plaintiff also worked out of Defendants' Ford and Motor Trend dealerships located in Point Pleasant, NJ.

25. Plaintiff was primarily responsible for following up on sales leads and generating customer visits to the car dealerships to which she was assigned.

26. On various occasions Elkhouly called Plaintiff "honey."

27. On various occasions Elkhouly looked at Plaintiff's body up and down in a sexually charged manner.

28. Shortly after Plaintiff was hired, Plaintiff's car broke down.

29. Plaintiff's car breaking down creating difficulties for her in physically commuting to the Mazda Dealership each day.

30. Plaintiff informed Elkhouly that her car had broken down.

4

31. On February 18, 2020, Elkhouly suggested that Plaintiff stay at a motel close to the Mazda Dealership to make it easier for her to get to work each day. During this conversation, Elkhouly informed Plaintiff that he wanted to do anything he could to help her get to and from work.

32. On February 19, 2020, Elkhouly offered to pick Plaintiff up from work and to give her a ride to a nearby motel. Elkhouly did not tell Plaintiff which motel he planned to take her to.

33. Elkhouly told Plaintiff that he would "take care" of paying for the motel room.

34. Plaintiff decided to stay in the nearby motel for the night of February 19, 2020 and February 20, 2020 to make it easier to get to the Mazda Dealership for the remainder of that workweek.

35. At the end of the day on February 19, 2020, Elkhouly picked Plaintiff up from work.

36. Elkhouly drove Plaintiff to the "88 Motel," which is located on Route 88 in Brick Township, NJ.

37. After arriving at the 88 Motel, Elkhouly led Plaintiff inside one of the motel rooms.

38. Elkhouly then left the motel premises and returned to the motel room with a bottle of wine.

39. When Elkhouly returned to the motel room, Elkhouly put his hands on Plaintiff and started massaging her shoulders and back. Elkhouly then slid his hands down to Plaintiff's lower back.

40. Plaintiff pulled away from Elkhouly's sexual advances.

41. Elkhouly grabbed Plaintiff's arm, and began massaging the length of her arm, moving his hands up to her armpit. Plaintiff pulled away from these sexual advances.

42. Elkhouly grabbed Plaintiff's arm a second time and attempted to take off her

5

sweater. Plaintiff protested, told him to stop, and pulled away.

43. Elkhouly continued to improperly touch Plaintiff and told her to relax.

44. Elkhouly touched the front of Plaintiff's right shoulder down to her right breast. Plaintiff again pulled away from Elkhouly and again told him to stop. Plaintiff told Elkhouly that she was going outside, and Plaintiff left the motel room.

45. Shortly after Plaintiff left the motel room, Elkhouly left the motel premises.

46. After Plaintiff rejected Elkhouly's sexual advances, Elkhouly became hostile and dismissive toward her and removed certain of her job duties and responsibilities.

47. By way of example, and without limitation:

   a. Elkhouly ignored Plaintiff, did not answer work-related phone calls, and excluded her from meetings related to her job duties; and

   b. On February 29, 2020, in a meeting with Elkhouly and other male employees, Elkhouly re-assigned sales leads that had been given to Plaintiff, which reduced her potential for commissions, bonuses, and overall compensation; and

   c. During the February 29, 2020 meeting where Plaintiff's sales leads were re-assigned, Elkhouly told Plaintiff to "shush" when she tried to speak. Elkhouly did not "shush" any of the male employees present at the meeting when they tried to speak.

48. On March 3, 2020, in a meeting with Elkhouly and Timothy Orland, Service Director, Defendants terminated Plaintiff's employment, effective immediately.

49. Elkhouly told Plaintiff that she was being terminated because it was "not going to work out."

50. Shortly after telling Plaintiff that it was "not going to work out", Elkhouly told

Plaintiff that she was being fired because she had hung up on him during a recent telephone conversation.

51. Elkhouly made the decision to terminate Plaintiff's employment.

52. Elkhouly terminated Plaintiff's employment in retaliation for her rejection of his sexual advances.

53. Before Plaintiff rejected Elkhouly's sexual advances, she was not provided with any indication that her work performance was un-satisfactory.

54. Before Plaintiff rejected Elkhouly's sexual advances, she was not provided with any indication that her job was in jeopardy.

55. Plaintiff's rejection of Elkhouly's sexual advances was a motivating and/or determinative factor in Defendants' discriminatory treatment of her, including the hostile work environment to which she was subjected and the termination of her employment.

56. The discriminatory and retaliatory conduct of Defendants, as alleged herein, was severe and/or pervasive enough to make a reasonable person believe that the conditions of employment had been altered and that a hostile work environment existed, and made Plaintiff believe that the conditions of employment had been altered and that a hostile work environment existed because of the sexual harassment to which she was subjected and her rejection of Elkhouly's sexual advances.

57. As a direct and proximate result of the discriminatory conduct of Defendants, including the hostile work environment to which Plaintiff was subjected, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

## COUNT I – Title VII

58. Plaintiff incorporates herein by reference the paragraphs set forth above as if set forth herein in their entirety.

59. By committing the foregoing acts of discrimination and retaliation, including subjecting Plaintiff to a hostile work environment and terminating her employment, Defendants have violated Title VII.

60. Defendants acted with malice and/or reckless indifference toward the federally protected rights of Plaintiff and its conduct warrants the imposition of punitive damages.

61. As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

62. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory, retaliatory, and unlawful acts unless and until the Court grants the relief requested herein.

63. No previous application has been made for the relief requested herein.

## COUNT II – LAD

64. Plaintiff incorporates herein by reference the paragraphs set forth above as if set forth herein in their entirety.

65. By committing the foregoing acts of discrimination and retaliation, including subjecting Plaintiff to a hostile work environment and terminating her employment, Defendants have violated the LAD.

66. Members of Defendant's upper management were directly involved in and/or willfully indifferent to the discrimination and retaliation set forth herein, including the hostile work

environment to which Plaintiff was subjected, and its conduct was especially egregious, thus warranting the imposition of punitive damages.

67. As a direct and proximate result of Defendants' violation of the LAD, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

68. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory, retaliatory, and unlawful acts unless and until the Court grants the relief requested herein.

69. No previous application has been made for the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff, Tammey Manderville, and against Defendants:

a) declaring the acts and practices complained of herein to be in violation of Title VII;

b) declaring the acts and practices complained of herein to be in violation of the LAD;

c) enjoining and restraining permanently the violations alleged herein;

d) awarding damages to Plaintiff for the past and future economic losses that she has suffered;

e) awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures, and pain and suffering;

f) awarding punitive damages to Plaintiff;

g) awarding Plaintiff the costs of this action, together with reasonable attorney's fees;

h) granting such other and further relief as this Court deems appropriate.

                                      **CONSOLE MATTIACCI LAW, LLC**

Dated:  December 21, 2020     BY:     _____

                                                       Daniel S. Orlow, Esq.
                                                       110 Marter Avenue, Suite 502
                                                       Moorestown, NJ 08057
                                                       (215) 545-7676
                                                       Attorneys for Plaintiff, Tammey Manderville.

# Exhibit "A"

| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | AGENCY<br>❏ FEPA<br>X  EEOC | CHARGE NUMBER |
|---|---|---|
| STATE OR LOCAL AGENCY: | | |

| NAME (Indicate Mr., **Ms.**, Mrs.)<br>**Tammey Manderville** | HOME TELEPHONE NUMBER *(Include Area Code)* ||
|---|---|---|
| STREET ADDRESS | CITY, STATE AND ZIP<br>Hamilton Township, NJ 08619 | DATE OF BIRTH |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**All American Auto Group;**<br>**All American Ford; All American Mazda** | NUMBER OF EMPLOYEES, MEMBERS<br>> 15 | TELEPHONE *(Include Area Code)*<br>(877) 850-3673 |
|---|---|---|
| STREET ADDRESS<br>3306 Bridge Avenue | CITY, STATE AND ZIP<br>Point Pleasant, NJ 08742 | COUNTY<br>Ocean |

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>❏ Race   ❏ Color   **X** Sex   ❏ Religion   ❏ National Origin<br>❏ Retaliation   ❏ Age   ❏ Disability   ❏ Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br>Earliest                Latest  03/03/2020 |
|---|---|

**The Particulars Are:**

A.   1.   Relevant Work History

I was hired by Respondents on or about February 11, 2020.  I held the position of Business Development Director/Manger.  I reported to Walid Elkhouly (male), General Sales Manager.  Elkhouly reported to Richard Savino (male), Owner.

Respondents subjected me to sexual harassment and terminated my employment because of my sex and/or my rejection of the sexual advances.

I consistently demonstrated positive performance and dedication to Respondents.  I performed my duties in a highly-competent manner.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct. | |
| Date:              Charging Party *(Signature)*:<br><br>5/4/2020           *[signature]* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day Month, and year) |



**EEOC Charge of Discrimination**
**Page 2 of 4**
**Initials of Charging Party –**

2.   Harm Summary

I have been discriminated against because of my sex (female).  Evidence of the discriminatory conduct to which I have been subjected includes, but is not limited to, the following:

(a) Elkhouly hired me.

(b) Elkhouly called me "honey."

(c) Elkhouly looked me up and down in a sexual way.

(d) On February 18, 2020, Elkhouly suggested that I stay at a hotel for a few days, to be closer to work, since my car was broken down.

(e) On February 19, 2020, Elkhouly picked me up from work, as he had insisted on picking me up after I had finished work for the day.  He told me that he wanted to do whatever he could to help me.  Elkhouly refused to tell me where he was taking me, despite my asking him.  Elkhouly pulled into the 88 Motel parking lot, took a hotel room key out of his pocket, and led me inside the hotel.  In the hotel room, Elkhouly put his hands on me and started massaging my shoulders and back, and slid his hand down to my lower back.  I pulled away from him.  He grabbed my arm, and began massaging the length of my arm, to my armpit.  I again pulled away from him.  He again grabbed my arm and began taking off my sweater.  I protested, asked him to stop, and pulled away but he continued to take off my sweater and tell me to relax.  He then started massaging the front of my right shoulder down to my right breast.  I pulled away from him and told him to stop.  I told him that I was going outside, and I left the room.

(f) I understood that Elkhouly wanted to have sex with me.

(g) I rejected Elkhouly's sexual advances.

(h) I found Elkhouly's comments and conduct to be offensive, based on my sex, and contributing to the hostile work environment to which I was subjected.

(i) After I rejected Elkhouly's sexual advances, he became hostile and dismissive toward me, and treated me differently and worse than how I was treated before I rejected his advances, and differently and worse than how other male employees and/or employees who had not rejected his sexual advances were treated.

(j) Elkhouly was demeaning to me and removed job duties and responsibilities from me.

(k) Job duties and responsibilities were removed from me because of my sex and/or my rejections of Elkhouly's sexual advances.

(l) Having job duties and responsibilities removed from me reduced my compensation, as it cut me off from being able to earn commissions.

(m) Having job duties and responsibilities removed from me made it difficult for me to effectively do my job.

(n) Elkhouly ignored me, did not answer my phone calls, and excluded me from meetings related to my job duties.



**EEOC Charge of Discrimination**
**Page 3 of 4**
**Initials of Charging Party –**

(o) Elkhouly refused to meet with me to discuss work-related issues and assignments he had given to me before February 19, 2020.

(p) On February 29, 2020, in a meeting with Elkhouly, Bill Facchino, Sales Manager, and Ryan _____, Sales Manager, Elkhouly took away my leads and assigned no leads to me, which reduced my commissions, bonus, and overall compensation. My leads were reassigned to Facchino and Amanda Hoffman, Sales Manager, who had not rejected Elkhouly's sexual advances and who were less qualified to handle the leads than I was.

(q) Leads were taken away from me and leads were not assigned to me because of my sex and/or my rejections of Elkhouly's sexual advances.

(r) On March 3, 2020, in a meeting with Elkhouly and Timothy Orland, Service Director, Respondents terminated my employment, effective immediately. The stated reason was that it was just not going to work out.

(s) Respondents terminated my employment because of my sex and/or my rejections of Elkhouly's sexual advances.

(t) Respondents subjected me to a hostile work environment because of my sex and/or my rejections of Elkhouly's sexual advances.

(u) I was the only employee that Respondents terminated on March 3, 2020.

(v) Before I rejected Elkhouly's sexual advances, I had no indication that my work performance was not satisfactory.

(w) Before I rejected Elkhouly's sexual advances, I had no indication that my job was in jeopardy.

(x) I had no performance or disciplinary issues throughout my employment.

(y) I had no opportunity to remain employed with Respondents.

(z) On March 4, 2020, I sent a text message to Jason Savino (male), Digital Operations Director, complaining that I felt like Elkhouly treated me like "an abused wife," and asking if I could remain employed with Respondents at another location. I received no response.

(aa) Respondents assigned my job duties to male employees and/or employees who did not reject Elkhouly's sexual advances. I was more qualified to perform my job duties than the employees to whom Respondents assigned my job duties.

(bb) Respondents failed to remedy or prevent the sex discrimination to which I was subjected.

(cc) Respondents' sex discriminatory conduct and comments have caused me emotional distress.

(dd) Respondents have an underrepresentation of female employees, particularly in high-level positions.



**EEOC Charge of Discrimination**
**Page 4 of 4**
**Initials of Charging Party –**

'B.   1.   Respondents' Stated Reasons

    (a)   Respondents' stated reason for terminating my employment, that it was just not going to work out, is pretext for sex discrimination.

    (b)   Respondents have provided no explanation for subjecting me to a hostile work environment because of my sex and/or my rejection of Elkhouly's sexual advances.

    (c)   Respondents have provided no explanation for failing to remedy or prevent the sex discrimination against me.

C.   1.   Statutes and Bases for Allegations

I believe that Respondents have discriminated against me based on my sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.* ("Title VII"); and the New Jersey Law Against Discrimination, as amended, N.J.S.A. § 10:5-1, *et seq*. ("NJLAD"), as set forth herein.

# Exhibit "B"

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: **Tammey Manderville**
Hamilton, NJ 08619

From: **Philadelphia District Office
801 Market Street
Suite 1000
Philadelphia, PA 19107**

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2020-03977 | **Legal Unit, Legal Technician** | (267) 589-9707 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*

**Jamie R. Williamson,
District Director**

September 27, 2020
*(Date Mailed)*

Enclosures(s)

cc:     **Katherine Dicicco
Attorney
766 Shrewsbury Ave
Ste 101
Tinton Falls, NJ 07724**

**Emily R. Derstine Friesen, Esq.
CONSOLE MATTIACCI LAW, LLC
1525 Locust Street, 9th Floor
Philadelphia, PA 19102**